UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID COHEN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF,<br>V.<br><br>DEMOULAS SUPER MARKETS, INC.,<br><br>DEFENDANT. | Case No. _____<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff David Cohen ("Plaintiff"), by and through his attorneys, brings this action on behalf of himself and all others similarly situated against Defendant, Demoulas Super Markets, Inc. ("Demoulas" or "Defendant") for falsely advertising, marketing, and selling certain coffees marketed under the Market Basket brand. Plaintiff alleges on personal knowledge as to all facts related to himself and upon information and belief as to all other matters.

## INTRODUCTION

1. This is a class action brought on behalf of Plaintiff and a nationwide class of consumers who purchased certain Market Basket coffees ("Coffees" or "Products"). "Products," as used in this Complaint, means all Market Basket ground coffee products sold in cans or similar containers. Plaintiff purchased Market Basket House Blend Medium Roast Ground Coffee ("House Blend") and Market Basket House Blend Medium Roast Decaffeinated Coffee ("House Blend Decaf"). The front of the package prominently described the coffee as "House Blend, Ground Coffee" and "House Blend, Decaf Ground Coffee" and indicates only that it was a medium roast able to make 79 and 76 cups, respectively, leaving the Plaintiff and fellow consumers to reasonably believe that the coffee contained enough ground coffee to provide 79 and 76 cups. In

1

truth, however, the Products do not have the quantity of servings in the container sold to the consumers and Plaintiff.

2. The Products are available to consumers from retail and online stores of third parties and is sold in Defendant's supermarkets.

3. The relevant front label representations include "Market Basket House Blend Ground Coffee," which "Makes 79 Cups," (Images 1 and 2) and "Market Basket House Blend Decaf Ground Coffee," which "Makes 76 Cups. (Images 4 and 5)

 

*Image 1* *Image 2*



*Image 3*



*Image 4*

4. The Products are advertised, marketed, and sold as containing an amount of coffee grounds capable of brewing, respectively, 79 and 76 six fluid ounce cups of coffee, or servings, when in fact the contents of the Products are not capable of brewing anywhere close to 79 and 76 servings.

5. The Products are comprised of ground coffee, provided to consumers for the purpose of brewing cups of coffee.

6. The Products' front labels prominently state that the House Blend "Makes 79 Cups" and the House Blend Decaf "Makes 76 Cups."

7. The Products' back label provides instructions on how to brew a cup of coffee. The statements can be found, and are transcribed, below as Images 5 and 6:

| **House Blend** |
|---|
| <br>*Image 5* |
| **Brewing Instructions**<br><br>This coffee is ground for use in all coffee makers.<br><br>Be sure to start with a clean coffee maker,<br><br>Une one rounded tablespoon (or one standard<br><br>coffee measure) for each 6 ounces of water,<br><br>varying according to individual taste. |

| |
|---|
| **House Blend Decaf** |
| <br>*Image 6* |
| **Brewing Instructions**<br><br>This coffee is ground for use in all coffee makers.<br><br>Be sure to start with a clean coffee maker,<br><br>Une one rounded tablespoon (or one standard<br><br>coffee measure) for each 6 ounces of water,<br><br>varying according to individual taste. |

8. Based on the prominent labeling and based on the brewing instruction contained on the Product, a consumer purchasing this Product would reasonably believe that the Product could be used to brew 79 and 76 cups of House Blend and House Blend Decaf, respectively, following the label brewing instructions.

9. However, despite these prominent representations, third-party laboratory testing establishes that the Products do not meet these cup claims.

10. Expert testing of the Products, set forth below in Table 1, revealed that the actual servings contained in the Products, "House Blend" and "House Blend Decaf" respectively, were 39 and 37 and therefore 40 and 39 servings were missing from the Products. This means that consumers of the Products, including Plaintiff, were cheated out of 51% of the servings they paid for, in both cases, based on the advertising, marketing, and labeling of the Products.

**CERTIFICATE OF ANALYSIS**

Results:

Table 1 – Servings Evaluation Based on 1 Rounded Tablespoon Prep

| Sample No: | Sample Description | Servings Claimed per Can | Actual Servings Measured | Actual Servings Missing | Overall Servings Missing |
|---|---|---|---|---|---|
| 200813003-HR | 11.5oz Market Basket House Blend Medium Roast Ground Coffee | 79 | 39 | 40 | 51% |
| 200813004-HR | 11oz Market Basket House Blend Decaf Medium Roast Ground Coffee | 76 | 37 | 39 | 51% |

Note: Analysis based on prep instructions printed as 1 rounded tablespoon ground coffee per serving.

11. Defendant's conduct in marketing, promoting, labeling, advertising, and selling the Products with the false and misleading labels violates applicable Massachusetts statutes because Defendant used unfair or deceptive trade practices, which deceived or mislead the Plaintiff as

Defendant has represented the contents of the Products as capable of brewing 79 and 76 servings, respectively, while the Products cannot honestly and legally be so represented.

12. This is an act deemed unlawful pursuant to applicable Massachusetts law because Defendant has misrepresented the quantity of servings in the container sold to the consumers and Plaintiff.

13. In addition, Defendant has violated express warranties related to the Products because it does not contain anywhere close to the promised number of servings.

14. These claims are not new and are well understood by private label manufacturers of products like the Products. Recently, the private label manufacturers for Walmart, Target, and other retailers agreed to a settlement of claims essentially identical to the claims at issue here.[1]

15. Plaintiff and consumers, as a result of the deceptive labeling, were harmed monetarily and intrinsically. The monetary harm is based on being deprived of the benefits of the bargain and receiving less than he and they paid for. The Products purchased by Plaintiff and other consumers could make only about half the servings claimed on the label; thus, Plaintiff was damaged a percentage of the purchase price of the product equal to the servings missing from the Products.

16. The intrinsic harm to Plaintiff and other consumers is that they are being deprived of the protections afforded them by Massachusetts Law, Chapter 93A Regulation of Business Practices for Consumer Protections, Section 2 Unfair Practices ("M.G.L. c. 93A, § 2"), and Plaintiff and all other consumers have no way to determine the truth of the statements about the number of servings provided by the Products, without first purchasing it, opening it, and testing it.

17. The Products' representations are uniformly, consistently, and prominently displayed on each individual package of the Products and are untrue, misleading, and deceive the public.

---

[1] Beckersettlement.com, Becker v. Massimo Zanetti, Mother Parkers and Reily Foods, January 27, 2021.

18. Plaintiff and consumers are aggrieved by the deceptively labeled and marketed Products as they relied on the misleading and deceptive labeling and advertising and was and were deprived of the benefit of the bargain they reasonably anticipated from the Products' labeling and advertising.

19. More specifically, Plaintiff and consumers were deprived of the benefit they paid for, which are the Products labeled and advertised as being capable of brewing 70 cups and 76 cups of coffee. Because Plaintiff and other consumers are likely to buy the Products in the future, unless the truthfulness of the label is restored, Plaintiff and other consumers will continue to suffer harm into the future.

20. The advertising for the Products were designed to encourage consumers to purchase the Products and reasonably misled reasonable consumers, including Plaintiff, into purchasing the Products. Defendant markets and distributes the Products and is the company that created and/or authorized the unlawful, fraudulent, unfair, misleading, and/or deceptive advertising and statements about the Products.

21. Defendant's marketing is designed to – and does – deceive, mislead, and defraud Plaintiff and consumers.

22. Defendant sold more of the Products and at higher prices than it would have in absence of this misconduct, resulting in additional profits at the expense of the consumers.

23. The value of the Products that Plaintiff purchased and consumed were materially less than its value as represented by Defendant.

24. Had Plaintiff and the proposed class members known the truth, they would not have bought the Products or would have paid less for it.

25. As a result of the false and misleading labeling, the Products are sold at a premium price, approximately no less than $2.69 per 11.5 oz (House Blend) and $2.99 per 11 oz (House Blend Decaf), excluding tax, compared to other similar products represented in a non-misleading way and higher than the price of the Products if it were to be represented in a non-misleading way.

## PARTIES

26. Defendant Demoulas Super Markets, Inc., under the trade name Market Basket, is a chain of supermarkets broadly specializing in the sale of food and beverages. Defendant has over 80 supermarkets located in New Hampshire, Massachusetts, and Maine in the United States, with headquarters located in Tewksbury, Massachusetts.

27. While it has added a variety of food and beverage products to its portfolio, Demoulas has maintained a significant position in the manufacture and sale of coffee. Demoulas sells its products in New Hampshire, Massachusetts, and Maine and is headquartered in Tewksbury, Massachusetts.

28. Defendant Demoulas Supermarkets, Inc. maintains its principal place of business at 875 East Street Tewksbury, MA 01876, from where it manages and directs its sales and business operations. It is therefore believed and averred that a substantial portion of the misleading labeling and related misconduct at issue in this Complaint occurred in, was conducted in and/or directed and emanated from, Massachusetts, including, but not limited to: a) the design of the coffee packaging; b) the review, approval and revision of labels; and c) dissemination of the Product.

29. Plaintiff Cohen is currently, and has been throughout the Class Period, a resident of Weymouth, Massachusetts. During the Class Period, Cohen purchased both the House Blend and House Blend Decaf based on the representation and reasonable belief that the Products contained enough quantity to make the advertised servings. Contrary to the representation on its label, however, the Coffee did not contain enough servings, but rather, was able to produce 49% of its advertised servings. Had Cohen known that the Products' labels were materially inaccurate, and that the Products were not capable of brewing its advertised servings, he would not have purchased the products.

## JURISDICTION AND VENUE

30. Jurisdiction of this Court is proper under 28 U.S.C. §1332(d)(2). Diversity jurisdiction exists as Demoulas is headquartered in Massachusetts, Plaintiff Cohen is a resident of Massachusetts and the proposed class ("Class") consists of citizens and residents of states across

9

the country. The amount in controversy exceeds $5,000,000 for Plaintiff and Class members collectively, exclusive of interest and costs, by virtue of the combined purchase prices paid by Plaintiff and the Class, and the profits reaped by Defendant from their transactions with Plaintiff and the Class, as a direct and proximate result of the wrongful conduct alleged herein, and by virtue of the injunctive and equitable relief sought.

31. Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391 because a substantial portion of the underlying transactions and events complained of herein occurred, and affected persons and entities in, this judicial district and Defendant has received substantial compensation from such transactions and business activity in this judicial district, including as the result of purchases of Market Basket coffees from retail locations described herein. Further, Market Basket inhabits and/or may be found in this judicial district, and the interstate trade and commerce described herein is, and has been carried out, in part within this judicial district.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action on behalf of himself and on behalf of all other members of the Class ("Class"), defined as all persons who purchased Market Basket House Blend and House Blend Decaf coffees, which are advertised capable of brewing 79 and 76 six fluid ounce cups of coffee, respectively, when in fact the contents of the Products are not capable of brewing anywhere close to its advertised servings. The Class Period is limited to statute of limitations applicable to each cause of action. Plaintiff brings this Class pursuant to Federal Rule of Civil Procedure 23(a), and 23(b)(1), 23(b)(2) and 23(b)(3). Excluded from the Class are: Defendant and their employees, principals, affiliated entities, legal representatives, successors and assigns.

33. Upon information and belief, there are tens of thousands of Class members who are geographically dispersed throughout the United States. Therefore, individual joinder of all members of the Class would be impracticable.

34. Common questions of law or fact exist as to all members of the Class. These questions predominate over the questions affecting only individual class members. These common legal or factual questions include:

10

      a. Whether Defendant's labeling of its coffees is likely to deceive class members or the general public;

      b. Whether Defendant's representations are unlawful; and

      c. The appropriate measure of damages and/or restitution.

35. Plaintiff's claims are typical of the claims of the Class in that Plaintiff was a consumer who purchased Defendant's Market Basket coffee in the United States that advertised specific servings yet did not contain enough coffee grounds capable of brewing its advertised servings – a fact that was not disclosed on the front of the product package. Plaintiff, therefore, is no different in any relevant respect from any other Class member, and the relief sought is common to the Class.

36. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, and he has retained counsel competent and experienced in conducting complex class action litigation. Plaintiff and his counsel will adequately protect the interests of the Class.

37. A class action is superior to other available means for the fair and efficient adjudication of this dispute. The damages suffered by each individual Class member likely will be relatively small, especially given the relatively small cost of the food products at issue and the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's conduct. Thus, it would be virtually impossible for Class members individually to effectively redress the wrongs done to them. Moreover, even if Class members could afford individual actions, it would still not be preferable to class-wide litigation. Individualized actions present the potential for inconsistent or contradictory judgments. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

38.     In the alternative, the Class may be certified because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate preliminary and final equitable relief with respect to the Class.

**COUNT I**
**VIOLATION OF MASSACHUSETTS GENERAL LAWS ("M.G.L."),**
**CHAPTER 93A, § 2**

39.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth therein.

40.     Defendant's conduct, as alleged herein, constitutes unfair or deceptive acts or practices and unfair methods of competition in trade or commerce in violation of M.G. L. c. 93A, § 2 and the regulations promulgated thereunder, including without limitation, 940 C.M.R. §§ 3.02, 3.05(1), 3.05(2), 3.16(2), 3.16(3) and 3.16(4).

41.     In accordance with M.G.L., c. 93A, § 9(3), on November 11, 2020, a proper written demand for relief was made on Defendant under M.G.L., Chapter 93A, on behalf of Plaintiff and the Class. Defendant did not make a reasonable offer of relief to the Class.

42.     M.G.L., c. 93A § 2 provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." M.G.L., c. 93A § 9 permits any consumer injured by a violation of M.G.L., c. 93A §2 to bring a civil action, including a class action, for damages and injunctive relief.

43.     Defendant engaged in unfair and deceptive acts and/or practices in the conduct of trade or commerce in violation of M.G.L., c. 93A § 2.

44.     Defendant's unfair and deceptive scheme to mislead consumers was comprised of unfair and deceptive acts or practices, including, but not limited to, uniformly representing to Plaintiff and the Class, by means of its labeling of the Products, that they contained sufficient quantity of coffee grounds to make its advertised servings, when in fact, they did not. This unfair and deceptive act and practice has the capacity, tendency, and/or likely to deceive or mislead reasonable consumers.

45. Defendant's conduct, as alleged herein, violates various regulations promulgated by the Massachusetts Attorney General pursuant to c. 93A, § 2(c) including the following:

   a. 940 C.M.R. § 3.02 (prohibiting, among other things, statements or illustrations used in advertisements which create a false impression of the grade, quality, value, or usability of the product offered);

   b. 940 C.M.R. § 3.05(1) (prohibiting claims or representations "made by any means concerning a product which, directly, or by implication, or by failure to adequately disclose additional relevant information, has the capacity or tendency or effect of deceiving buyers or prospective buyers in any material respect");

   c. 940 C.M.R. §3.05(2) (prohibiting the use of any advertisement "which would mislead or tend to mislead buyers or prospective buyers, through pictorial representations or in any other manner, as to the product being offered for sale");

   d. 940 C.M.R. § 3.16(2) (providing that it is a violation of c. 93A, § 2 to "fail to disclose to a buyer or prospective buyer any fact, the disclosure of which may have influenced the buyer or prospective buyer to enter into the transaction"); and

   e. 940 C.M.R. § 3.16(3) (providing that an act or practice violates c. 93A, § 2 if it "fails to comply with existing statutes, rules, regulations or laws, meant for the protection of the public's health, safety or welfare promulgated by the Commonwealth or any political subdivision thereof intended to provide consumers of this Commonwealth protection").

46. Defendant has mislabeled and misbranded the Product, in violation of various state and federal statutes and regulations, including:

   a. Mass. Gen. Laws, c. 94, § 187 (providing that food shall be misbranded when (1) "its labeling is false or misleading in any particular;" and (2) "it is

    in imitation or semblance of any other food" and does not bear in type of uniform size and prominence, the word "imitation") and §190 (barring the manufacture, sale, delivery or offer of delivery of misbranded food);

  b. Code of Federal Regulations, 21 U.S.C. § 343;

  c. Code of Federal Regulations, 21 CFR § 102.22;

47. Such mislabeling, and misbranding constitutes unfair and deceptive conduct in violation of c. 93A, § 2.

48. Pursuant to 940 C.M.R. § 3.16(3) and § 3.16(4), violations of the foregoing provisions are also violations of c. 93A, § 2.

49. Defendant's violations of M.G.L., c. 93A were willful and knowing.

50. As a direct and proximate result of Defendant's unfair and deceptive acts, Plaintiff and the Class were injured and suffered damages and are entitled to actual or statutory damages, treble damages, attorneys' fees and costs. The injuries suffered by Plaintiff and the Class include, but are not limited to paying for Defendant's Products, paying a premium price for Defendant's falsely advertised coffees, and by the unlawful profits Defendant earned from the sales of these falsely advertised Products.

51. Plaintiff Cohen and each of the other Class Members were injured by Defendant's unlawful conduct, in that they paid for Products which were not sold as represented.

52. Had Plaintiff Cohen known that the Product label was inaccurate, he would have not purchased the Product at all or would not have purchased the Product at the price he paid.

53. Defendant's unfair or deceptive acts or practices, as alleged herein, were willful or knowing violations of c. 93A, § 2, within the meaning of c. 93A, § 9(3).

54. Pursuant to M.G. L. c. 93A, § 9, Plaintiff and each of the other members of the Class are entitled to recover their actual damages or statutory damages of $25.00 each, whichever results in a greater recovery, and to recover double or treble the amount of their actual damages, plus their reasonable attorneys' fees and the costs of this action.

55. Plaintiff Cohen and the other members of the Class are also entitled to injunctive relief in the form of an order directing Defendant to cease their false and misleading labeling and advertising, retrieve existing false and misleading advertising and promotional materials, and publish corrective advertising.

## COUNT II
## UNTRUE AND MISLEADING ADVERTISING UNDER M.G.L. C. 266, § 91

56. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

57. Defendant's labeling, advertising, promotion, and marketing of its Products are untrue, deceptive, and misleading, in violation of M.G.L. c. 266, § 91.

58. At all times relevant to this action, Defendant knew, or could upon reasonable investigation have ascertained, that their labeling, advertising, marketing, and promotion of the Products were untrue, deceptive, and misleading.

59. Defendant's untrue, deceptive and misleading labeling, advertising, marketing and promotion of the Products have continued throughout the Class Period.

60. As a purchaser of the Products who was aggrieved by Defendant's false and misleading advertising, Plaintiff brings this class action to seek all available remedies under M.G.L. c. 266, § 91, including injunctive relief. The injunctive relief would include an order directing Defendant to cease their false and misleading labeling and advertising, retrieve existing false and misleading advertising and promotional materials, and publish corrective advertising.

## COUNT III
## BREACH OF EXPRESS WARRANTY UNDER M.G.L. C. 106, § 2-313

61. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth therein.

62. Massachusetts's express warranty statute provides that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis

of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." (*Quoting* M.G.L. c. 106, § 2-313.)

63. Defendant has expressly warranted on the Products' packaging that they can make up to a specific number of servings. For example, Defendant expressly state on the packaging of the House Blend and House Blend Decaf canister that it "MAKES 79 CUPS" and "MAKES 76 CUPS," respectively. However, as alleged herein, this express representation is patently false as the House Blend can only make 39 cups and the House Blend Decaf can only make 37 cups. All of the other varieties of the Products contain materially identical express representations that are false.

64. These representations about the Products: (a) are descriptions of fact or promise made by Defendant to consumer that the Products contain enough ground coffee to make a specific number of servings; (b) became part of the basis of the bargain to purchase the Products when Plaintiff and other consumers relied on the representation; and (c) created an express warranty that the Products would conform to the descriptions of fact or promise.

65. Plaintiff and each of the other Class members reasonably and justifiably relied on the foregoing express warranties, believing that the Products did in fact conform to those warranties.

66. Defendant has breached the express warranties made to Plaintiff and other Class members by failing to manufacture the Products with enough ground coffee to make the specific number of servings that were expressly warranted on the packaging.

67. Plaintiff and other Class members paid a premium price for the Products, but did not obtain the full value of the Products as represented. If they had known of the true nature of the Products, they would not have been willing to pay the premium price associated with the Products.

68. As a result, Plaintiff and other Class members suffered injury and deserve to recover all damages afforded under the law.

69. Within a reasonable amount of time after Plaintiff discovered that Defendant did in fact breach the express warranty, Plaintiff notified Defendant of the breach.

## COUNT IV
**(Unjust Enrichment)**

70. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth therein.

71. This claim is asserted in the alternative, on behalf of Plaintiff and the Class, to the extent that any contracts do not govern the entirety of the subject matter of the disputes with the Defendant.

72. As a direct and proximate result of Defendant's misconduct as set forth above, Defendant has been unjustly enriched. Specifically, by its misconduct described herein, Defendant has accepted a benefit (monies paid by Plaintiff and the Class). Defendant had an appreciation or knowledge of the benefit conferred on it by Plaintiff and the Class.

73. It would be inequitable for Defendant to retain the profits, benefits, compensation, consideration, and other monies obtained by and from its wrongful conduct in promoting, marketing, distributing, and selling the coffees.

74. Plaintiff, on behalf of himself and all others similarly situated, seeks restitution from Defendant and an Order of this Court proportionally disgorging all profits, benefits, compensation, consideration, and other monies obtained by Defendant from its wrongful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and members of the proposed Class, prays for judgment as follows:

    a. Certification of the Class under Federal Rule of Civil Procedure 23 and appointment of Plaintiff as representative of the Class and his counsel as Class counsel;

b. Actual or statutory damages, whichever results in a greater recovery, and multiple damages;

c. Restitution and disgorgement of Defendant's revenues or profits to Plaintiff and the members of the proposed Class as permitted by applicable law;

d. Statutory pre-judgment and post-judgment interest on any amounts;

e. Payment of reasonable attorneys' fees and recoverable litigation expenses as may be allowable under applicable law; and

f. Such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.

Dated: February 1, 2021

/s/ John T. Longo
John T. Longo, Esq. MA BBO 632387
Law Office of John T. Longo
177 Huntington Avenue, 17th Fl, Suite 5
Boston, MA 02115
Tel: (617) 863-7550
jtlongo@jtlongolaw.com

Peter N. Wasylyk
Law Offices of Peter N. Wasylyk
(RI Bar No. 3351)
1307 Chalkstone Avenue
Providence, RI 02908
Tel: (401) 831-7730
Fax (401) 861-6064
Email: pnwlaw@aol.com
(Pending Pro Hac Vice Motion)

Michael L. Aaronson
Aaronson Law Firm
7362 Remcon Circle
El Paso, Texas 79912
Tel: (915)-533-0110

Fax: (915)-533-7227
Email: mikeaaronson@gmail.com
(Pending Pro Hac Vice Motion)


Joel Oster
Of Counsel
Law Office of Howard W. Rubinstein
1281 N. Ocean Dr. Apt. 198
Singer Island, FL 33404
Tel: 832-715-2788
Fax: 561-688-0630
Email: howardr@pdq.net
(Pending Pro Hac Vice Motion)